REQUESTED BY: Kermit McMurry, Director, Nebraska Department of Social Services
SUMMARY OF QUESTIONS ASKED BY DIRECTOR McMURRY
It is our opinion that the Records Management Act, Neb. Rev.Stat. §§ 84-1201 through 84-1227 (Reissue 1987), and the Security, Privacy, and Dissemination of Criminal History Information Act, Neb.Rev.Stat. §§ 29-3501 through 29-3528 (Reissue 1989) govern what law enforcement agency information is available to a consultant to the Department of Social Services who is involved in an ongoing investigation/research project on child abuse and neglect, and who is subject to the same confidentiality statutes and regulations as an employee of the Department.
That information that is public record is available. Investigation reports, and other reports required by law to be confidential may not be available as determined by the law enforcement agency administrator.
DETAILED ANSWER TO QUESTIONS ASKED
BY DIRECTOR McMURRY
QUESTION:
 What information contained in law enforcement records is available to a consultant to the Department of Social Services who is involved in an ongoing investigation/research project on child abuse and neglect, and who is subject to the same confidentiality statutes and regulations as an employee of the Department.
CONCLUSION:
 Information that is public record, and therefore available includes "identifiable descriptions and notation of issuance of arrest warrants, arrests, detentions, indictments, charges by information, and other formal criminal charges, and any disposition arising from such arrests, charges, sentencing, correctional supervision, and release." Neb.Rev.Stat. § 29-3521 (Reissue 1989). Further information that is public record includes "original records of entry such as police blotters, offense reports, or incident reports" and "court records of any judicial proceeding." Neb.Rev.Stat. § 29-3521 (Reissue 1989).
The Records Management Act requires an administrator of a law enforcement agency to protect the confidential nature of information required by law to be treated in a confidential manner. It is our opinion that intelligence and investigative reports would fall in this category, and a law enforcement administrator may determine such information to be unavailable to a researcher or to the Department of Social Services.
We determine that Neb.Rev.Stat. §§ 28-710 through 28-727 (Reissue 1989) provides for a comprehensive cooperative effort as among citizens, the Department of Social Services, and law enforcement agencies to achieve an effective and confidential response to persons who report child abuse and neglect, and to victims and perpetrators of child abuse and neglect. The statute mandates that citizens report child abuse and neglect, and further mandates a cooperative sharing of information between the Department of Social Services and law enforcement agencies to effect the purposes of the statute to protect children from harm, to protect the rights of parents and caretakers, and to interfere with the family as little as possible, consistent with the well-being of children, and the rights of all members of the family. Neb.Rev.Stat. §§ 28-711, 28-712, and 28-713 (Reissue 1989); Public Hearing on LB 505, Comm. on the Judiciary, 86th Leg. 1st Sess. (Feb. 14, 1979) (introducer's statement of purpose).
The statute specifically provides for the confidentiality of information and records. Neb.Rev.Stat. § 6 28-717 and 725 (Reissue 1989). The statute further provides for access to records relating to abuse and neglect, when a person, legally authorized by other sections of the statute, complies with the identification requirements established by department regulations, or when ordered by a court of competent jurisdiction. Neb.Rev.Stat. § 28-719 (Reissue 1989).
By statute, legally authorized persons include "any person engaged in bona fide research or auditing." Neb.Rev.Stat. 6 28-726(5) (Reissue 1989). However, section 28-726 requires that no information identifying the subjects of the report shall be made available to the researcher. Neb.Rev.Stat. 6 28-726(5) (Reissue 1989). Further, section 28-719
requires that such information shall not include the name and address of the person making the report. Neb.Rev.Stat. 6 28-719 (Reissue 1989).
The purpose of LB 505 was to refine the present law in regard to the central registry for child abuse and neglect.
It sets strict standards for information to be supplied to others from the registry. This part of the bill is intended to limit the facts received to only what is needed to protect children and to strictly limit the information given to others, and the number of persons who have access to the information.
Public Hearing on LB 505, Id.
Since the central registry pursuant to Neb.Rev.Stat. 6 28-718
(Reissue 1989), is maintained in the Department of Social Services, other sections of the statute providing for confidentiality and exceptions for access to confidential information would logically appear to apply only to Department of Social Services information and records.
As to information and records available from law enforcement agencies to a researcher, who is a consultant under contract, subject to the same confidentiality statutes and regulations as an official of the Department of Social Services, we turn to the Records Management Act, Neb.Rev.Stat. 684-1211 (Reissue 1987), and to the Security, Privacy, and Dissemination of Criminal History Information Act. Neb.Rev.Stat. 6629-3501 through 3528 (Reissue 1989). The Records Management Act provides when a record that contains information necessary to protect the rights and interests of persons "is required by law to be treated in a confidential manner, the administrator shall protect its confidential nature." Neb.Rev.Stat. §§ 84-1202(8) (a) and 1211(1) (Reissue 1987). However, "nothing in this Act shall be construed to affect the laws and regulations dealing with the dissemination, security, and privacy of criminal history information" Neb.Rev.Stat. § 84-1211(2) (Reissue 1987).
Criminal history information:
shall mean information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of issuance of arrest warrants, arrests, detention, indictments, charges by information, and other formal criminal charges, and any disposition arising from such arrests, charges, sentencing, correctional supervision, and release.
Criminal history information shall not include intelligence or investigative information.
Neb.Rev.Stat. § 29-3506 (Reissue 1989) (emphasis added).
The Criminal History Act further provides that complete criminal history information shall be a public record, and open to inspection and copying by any person. Neb.Rev.Stat. § 29-3520 (Reissue 1989).
Further information that is public record includes "original records of entry such as police blotters, offense reports, or incident reports, maintained by criminal justice agencies," and "court records of any judicial proceeding." Neb.Rev.Stat. § 29-3521(2) (3) (Reissue 1989).
Therefore, it would appear that any records of law enforcement agencies that fall under the Criminal History Act clearly would be available to a researcher. However, investigative information is outside the act. Neb.Rev.Stat. § 29-3506 (Reissue 1989).
It is our opinion, that investigative information, and other records containing information necessary to protect the rights and interests of persons, and required by law to be treated in a confidential manner require the law enforcement agency administrator to protect the confidentiality of that information. Neb.Rev.Stat. § 84-1211 (Reissue 1987). Therefore, a law enforcement agency may be required to deny access to this information to a researcher under contract to the Department of Social Services.
However, Neb.Rev.Stat. sections 28-710 through 727 contemplate and mandate cooperation between law enforcement agencies to protect children, and attend to the rights of parents and other caretakers. Confidentiality, and protection of individuals' rights to privacy are a prominent component of the legislation. It is our opinion that the requirements for access to information by a researcher as provided in Neb.Rev.Stat. § 28-726 can serve as a guideline to determine what information a law enforcement agency would consider available to a researcher under contract to the Department of social Services, and subject to all confidentiality regulations and statutes applicable to an official of the Department.
However, it is important to distinguish between the function of Social Services, and law enforcement, as to child abuse and neglect. The Department of Social Services is to provide protection to the child victim. Law enforcement agencies are responsible for criminal investigations, and have a duty to protect the constitutional rights of the accused.
Although the legislature has determined that cooperation between Social Services and law enforcement agencies is necessary to effect the purpose of the child abuse and neglect statutes, an administrator of a law enforcement agency may determine that certain information cannot be available to the Department, or a researcher under contract to the Department.
Your letter indicates that the research "focuses on a system analysis of the interaction of law enforcement, child protective services, and day care licensing in receiving and responding to complaints regarding children cared for by babysitters or in licensed day care homes, centers, or preschools." Letter from Kermit R. McMurry, Director, Nebraska Department of Social Services to Robert M. Spire, Attorney General, State of Nebraska (May 31, 1990) (requesting Attorney General's Opinion).
Further, in the letter you refer to investigation/research. Id. It is not clear whether this is a bona fide research project or an investigation. If it is an investigation, it is not clear under what authority the investigation is conducted. We would not advise that the Department use its subpoena power, if this is a bona fide research project. Both the Department and law enforcement agencies have a significant interest in a comprehensive and effective system to combat child abuse and neglect. In consideration of the necessary relationships between the two agencies, exercise of subpoena power would appear to interfere with cooperation. If the Department is conducting an authorized investigation, the use of subpoena power, if necessary, would be appropriate, assuming Neb.Rev.Stat. §§ 68-1015 and 81-110 authorize subpoena power against law enforcement agencies.
Another issue pertains to what information is available to a consultant/researcher pursuant to Neb.Rev.Stat. sections 28-719 and 726. Per your letter of May 31, 1990, your researcher is under contract with the Department of Social Services, and is apparently conducting the project for the Department. The Department's contract binds the consultant by the same confidentiality statutes and regulations as an employee of the Department of Social Services. Letter from Kermit R. McMurry,.
Assuming the researcher's contract with the Department effects an agency or employee relationship with the Department, the Department could make accessible to that person records necessary to further purposes "directly connected with administration" of the statute. However, the plain language of the statute prohibits the Department from providing names and addresses of persons making a report of child abuse or neglect, and names of the subject of the report. Neb.Rev.Stat. §§ 28-719
and 726 (Reissue 1989). It is our opinion that if the Department could not permit its own agents or employees access to information necessary to further purposes directly connected with the Department's administration of the statute, the result would be absurd. However, a determination that such a researcher is an agent or employee of the Department does not require a law enforcement agency to provide information to the Department.
Respectfully submitted,
 ROBERT M. SPIRE Attorney General